UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| **In re RETEK INC.**<br>**SECURITIES LITIGATION** | Civil No. 02-4209 (JRT/AJB) |
| This Document Relates To:<br><br>ALL ACTIONS | **ORDER** |

David R. Stickney and Benjamin Galdston, **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP – SD**, 12481 High Bluff Drive, Suite 300, San Diego, CA 92130; Ex Kano S. Sams, II, and Jonathan E. Behar, **LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP – SF**, 100 Pine Street, Suite 2600, San Francisco, CA 94111; Gregg M. Fishbein, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179, for plaintiffs.

James E. Burns, Jr. and Shirley W. Chang, **ORRICK HERRINGTON & SUTCLIFFE – SF**, 405 Howard Street, San Francisco, CA 94105; Allen W. Hinderaker, **MERCHANT & GOULD PC**, 80 South Eighth Street, Suite 3200, Minneapolis, MN 55402; James C. Maroulis, **ORACLE CORPORATION**, 500 Oracle Parkway M/S 5op7, Redwood Shores, CA 94065. for defendants.

This matter arises from a class action lawsuit in which securities fraud allegations are asserted against Retek Inc. and five individuals alleged to be insiders of Retek.[1] The lead plaintiffs are the Louisiana Municipal Police Employees' Retirement System and Steven B. Paradis.

---

[1] The individually named defendants are John Buchanan, Chairman of Retek's Board of Directors and former Chief Executive Officer; Steven D. Ladwig, Chief Executive Officer of Retek during the class period; Gregory A. Effertz, Senior Vice President and Chief Financial Officer; Jeremy P.M. Thomas, Chief Technology Officer; and James B. Murdy, Retek's Controller.

United States Magistrate Judge Arthur J. Boylan issued an Order on May 3, 2007, granting in part and denying in part plaintiffs' motions to compel production of documents. In that Order the Magistrate Judge also granted in part and denied in part defendants' motion for a protective order to preclude additional document discovery from its accounting firm, a non-party to this action. Defendants filed objections to that portion of the May 3 Order requiring them to comply with four document requests issued by plaintiffs as well as the one month deadline set for compliance with the Order. This Court has reviewed the nondispositive pretrial Order of the Magistrate Judge for clear error and for errors of law pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(a).[2] For the reasons set forth below, the Court affirms the May 3 Order.

## BACKGROUND

Plaintiffs claim that the defendants artificially inflated the price of Retek stock by making materially false statements and omissions in corporate documents and other media during the time period beginning on July 19, 2001 and extending through July 8, 2002. They allege that such conduct violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b), and Rule 10b(5). 17 C.F.R. § 240.10b-5. The defendants deny the allegations and raise several affirmative defenses to the claims, including an argument that the fluctuation in the price of Retek stock during that period was

---

[2] On June 8, 2007, defendants filed a Motion for Leave to File a Reply in further Support of Objections to Magistrate Judge Boylan's Order [Docket No. 409]. The defendants have stated no extenuating circumstance justifying the need for additional briefing, and the briefing previously submitted is sufficient to assess the merits of the appeal. The Court therefore denies the motion.

determined by "factors other than the alleged misstatements or omissions outlined in the complaint." (Answer to Second Am. Compl. 42.)

The plaintiffs filed a total of three different complaints, and defendants responded to each new complaint with a motion to dismiss. The Court determined that there were five elements to a claim under Section 10(b) of the Exchange Act and Rule 10b-5: (1) misrepresentations or omissions of material fact that operated as a fraud or deceit; (2) causation; (3) damages; (4) fraudulent activity in connection with the purchase or sale of a security; and (5) scienter, or intent to deceive, manipulate, or defraud. *See In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 741 (8th Cir. 2002) (citation omitted). The Court also noted that claims brought under these statutory provisions were subject to the heightened pleading standards enacted as part of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* 15 U.S.C. § 78u-4(b).

Based on these five elements and the heightened pleading standards of the PSLRA this Court, in a January 3, 2007 Order on the final motion to dismiss, permitted plaintiffs to proceed on claims (1) that defendants falsified documents to indicate that Retek had received an inflated amount of revenue from a contract with the Great Atlantic & Pacific Tea Company, (2) that defendants made false statements about Retek's relationship with IBM, (3) that defendants made misleading statements about a joint venture with Multi-Asia, Inc., (4) that defendants reported false information about a transaction with Accenture, and (5) that defendants improperly reported a loan as revenue. *See In re Retek Inc. Sec. Litig.*, 2007 WL 14352 (D. Minn. Jan. 3, 2007). The Court determined that the plaintiffs had

sufficiently pled the scienter element because they had alleged in the complaint that defendants had sold between 92 and 100 percent of their stock during the class period.

The Court dismissed the remaining allegations in the complaint.  The plaintiffs had attempted to bring claims that defendants had violated the Exchange Act by reporting upward trends in the business and touting positive revenue indicators while knowing Retek's financial outlook to be bleak.  The Court dismissed these "negative trend allegations" for lack of evidence that the optimistic statements were misleading when made, pointing to the fact that the health of any company depends on a "host of factors." *Id.* at *4.

Following issuance of the January 3, 2007 Order, plaintiffs served on defendants a second request for document production.  That request included 12 requests that had previously been served on defendants as well as additional requests based on claims that the Court had sustained for the first time when issuing the January 3 Order.  Defendants objected to the request, and the plaintiffs responded with this motion to compel.  The defendants then filed a related motion seeking a protective order to preclude plaintiffs from pursuing document requests from its accounting firm.

The Magistrate Judge granted each motion in part and denied each motion in part on May 3, 2007.  The Magistrate Judge gave the parties one month to comply with the Order.  The defendants are the only parties to have filed objections.  They object to those portions of the Order requiring them to comply with four of the requests for documents and to the one month deadline set for compliance.

**ANALYSIS**

The defendants object to the portions of the May 3 Order requiring them to comply with four of the requests for document production, Requests Numbers 1, 2, 4 and 5. They assert that the Magistrate Judge erred by ordering them to comply with the requests because the requests are unduly burdensome, they violate the principles of the PSLRA, and the information sought does not relate to the claims still remaining in this case. The plaintiffs counter that the four requests are necessary to provide context for their claims, to provide the identities of additional witnesses, and to provide them with information necessary to rebut the defendants' affirmative defenses. The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive discovery matters is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). This Court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

**I.   Request for Production of Documents No. 1**

In document request 1, the plaintiffs request that defendants produce copies of "all meeting minutes, notes, memoranda, presentations, and packages for meetings of Retek's Board of Directors and any committee thereof, including the Audit Committee" during the time period extending from April 1, 2001 through September 30, 2002. (Second Req. for Produc. of Docs. 9.) The defendants concede that all the board materials relating to the five specific transactions at issue in this case are discoverable, but they argue that this request is overbroad and creates an undue burden because it asks for all board materials on all issues

and not just materials relating to the five contested transactions. The plaintiffs respond that the documents provide context for their claims and that the information is necessary to respond to the affirmative defenses raised by the defendants.

A party to a lawsuit can obtain discovery regarding any non privileged matter "that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Documents are discoverable so long as the requests for such information are "reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1); *In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631, 636 (N.D. Ga. 2002) ("Discovery in a [post PSLRA case] is still evaluated under the Federal Rules of Civil Procedure applicable to all civil cases."). The Magistrate Judge found that the production of the materials in request number 1 met this standard because the materials requested would shed "insight as to who participated in such meetings, what those individuals knew, and what decisions were made." The Magistrate Judge noted further that these materials provide "context" to both the "claims and the affirmative defenses set forth by Defendants." (Order 2.)

Defendants argue that the Magistrate Judge incorrectly determined that the documents were subject to discovery, citing to other decisions in which discovery requests were found to be too broad where plaintiffs have attempted to obtain general corporate materials similar to those requested in this case. *See, e.g.*, *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. 2002). In all of those cases, however, the plaintiffs failed to articulate reasons as to why the general corporate documents were relevant to the claims or defenses at issue. In this case, the plaintiffs assert that general corporate information about the health of the entity during the time period during which the statements were made (especially if its

health were declining) is relevant to their claim that the defendants were motivated to deceive shareholders at the time the statements were made.  Defendants also raise as a defense that other factors caused the price of Retek stock to fluctuate, and plaintiffs maintain that they need to know information about the general health of the corporation and the context in which the statements were made to rebut this defense. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (stating that the purpose of discovery in federal court is to "make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent").

Defendants argue that the purported reasons are insufficient, pointing out that the PSLRA was enacted in part to eliminate discovery on claims that lack merit.  They assert that the materials sought would be discoverable only had the plaintiffs' negative trend allegations not been dismissed.  The Court disagrees.  For plaintiffs to prevail on their remaining claims they must still show that defendants knowingly made false statements, that the statements were made to influence the price of Retek stock, and that the statements effected a change in the price of the stock. *See Navarre Corp.*, 299 F.3d at 741.  While the requested documents would also be relevant to negative trend allegations, they are discoverable in this case because the general health of the corporation and the context in which the statements were made are relevant to the remaining claims and defenses.  The Court concludes that the Magistrate Judge did not commit a "clear error" in determining that the materials requested in document request 1 are subject to discovery. *See* Fed. R. Civ. P. 26(b)(1).

## II.   Request for Production of Documents Nos. 2, 4, and 5.

The information sought in the other requests challenged by defendants is similar to that sought in the first request.  Plaintiffs seek in the second request specific reports giving an indication as to what each individual defendant knew at the time the alleged statements were made, as well as reports indicating the financial status of the company during the relevant time period.  In the fourth and fifth requests, plaintiffs ask during the same time period for "all documents in which the Individual Defendants or their direct reports discuss or comment on Retek's revenue and deferred revenue . . . [and] Retek's general ledger and all adjusting entries." (Second Req. for Produc. of Docs. 10.)  These requests are broad, but they are also relevant to claims that the statements alleged caused the price of Retek stock to fluctuate artificially and that defendants made the statements to affect the price of the stock.  Based on the facts of this case, then, the Court concludes that the Magistrate Judge did not commit clear error by granting the portion of the motion to compel relevant to these requests.

## III.   Timeline for Discovery

The Magistrate Judge ordered that the defendants provide plaintiffs with adequate responses to the discovery requests within one month of the May 3 Order.  Defendants filed their objections with this Court on May 17, arguing in part that the one month deadline for compliance was unreasonable for the document requests.  On May 25, 2007, the Magistrate Judge stayed production responsive to these four requests pending issuance of this Order.  The timeline for discovery is well within the discretion of the Magistrate Judge, and the Court finds no reason to disturb that discretion in this Order.  *See Cardenas v. Prudential*

*Ins. Co. of America*, No. 99-1421, 2003 WL 23101803, at *2 (D. Minn. Dec. 9, 2003) ("It is within the Magistrate Judge's discretion to set the schedule for discovery.").[3]

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Leave to File a Reply in Further Support of Objections to Magistrate Judge Boylan's Order (Document No. 409] is **DENIED**.

2. The Defendants' objections to the Magistrate Judge's Order on discovery dated May 3, 2007 Granting in Part Plaintiff's Motion to Compel [Docket No. 390] are **DENIED.**

3. The Magistrate Judge's Order dated May 3, 2007 [Docket No. 379] is **AFFIRMED**.

DATED: August 31, 2007            s/ John R. Tunheim
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
                                  United States District Judge

---

[3] The plaintiffs indicate in their briefing that a telephonic conference between the parties and the Magistrate Judge may have already resolved this issue.